IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD ROSS, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | No. _____ |
| STATE FARM LLOYDS, | § § § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant State Farm Lloyds ("State Farm" or "Defendant") files this Notice of Removal:

1.      On April 15, 2015, Plaintiff Edward Ross ("Plaintiff") filed this lawsuit in Collin County, Texas, naming State Farm as Defendant.

2.      The Original Petition was served on State Farm on or about April 16, 2015.

3.      Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and Local Rule CV-81(c).  Also included is a copy of the civil cover sheet in accordance with Local Rule CV-81(c)(2).  The removing party is filing a separate jury demand in accordance with Local Rules CV-38(a) and CV-81(b).  A copy of this Notice is concurrently being filed with the state court and served upon the Plaintiff.

5.      As required by 28 U.S.C. § 1446(a) and Local Rule CV-81(c), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is a copy of the state

court's Docket Sheet, a copy of the state court's Civil Case Information Sheet is attached hereto as Exhibit "B," a copy of Plaintiff's Original Petition is attached hereto as Exhibit "C," a copy of the Affidavit of Jacey Hornecker is attached hereto as Exhibit "D," a copy of the Citation by Mailing to State Farm Lloyds is attached hereto as Exhibit "E," a copy of the Officer's Return by Mailing is attached hereto as Exhibit "F," a copy of printout from the United State Postal Service with signature of recipient is attached hereto as Exhibit "G," a copy of Defendant's Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "H," the list of Parties to the Case (including status of the case, jury demand, and state court information) is attached hereto as Exhibit "I," and a List of Counsel is attached hereto as Exhibit "J."

6.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Collin County, Texas, the place where the removed action has been pending and where the property in dispute is located.

## Basis for Removal

7.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

### A.      Diversity of Citizenship

8.      Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet. § II., attached hereto as Exhibit "C."

9.      Defendant State Farm Lloyds is, and was at the time the lawsuit was filed, a citizen of the states of Illinois, Colorado and Pennsylvania.  State Farm Lloyds is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the states of Illinois, Colorado and Pennsylvania.  Therefore, State Farm Lloyds

is a citizen and resident of the states of Illinois, Colorado and Pennsylvania for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998 ("the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

10.     Because Plaintiff is a citizen of Texas and Defendant State Farm Lloyds is a citizen of Illinois, Colorado and Pennsylvania, complete diversity of citizenship exists in this matter.

**B.     The Amount in Controversy Exceeds $75,000.00**

11.     This is a civil action in which the amount in controversy exceeds $75,000.00. In his complaint, Plaintiff alleges a variety of claims arising from "a claim to Defendant against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm." *See* Pl's Original Pet. § V., ¶ E, attached hereto as Exhibit "C." Specifically, but without limitation, Plaintiff alleges that Defendant State Farm breached the insurance policy number 43-BW-T084-4, with a Dwelling Limit of $169,800.00, a Dwelling Extension Limit of $16,980.00, a Personal Property Limit of $127,350.00, and an Additional Living Expense Limit of the Actual Loss Sustained, for the property located at 707 Meadow Creek Dr., Allen, Texas 75002-2046 (the property giving rise to the present dispute). *See* Exhibit "K," Declaration of Scott L. Rogers, attached hereto and fully incorporated herein as if set out in full. In determining the amount in controversy, the Court may consider "policy limits ... penalties, statutory

damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

12.     On Plaintiff's Civil Case Information Sheet, he has marked that he seeks damages of "$100,000 but not more than $200,000." *See* Civil Case Information Sheet, attached hereto as Exhibit "B." Thus, the representation on Plaintiff's Civil Case Information Sheet evidences that alleged damages exceed the amount in controversy threshold of $75,000.00. Based on the allegations set forth in Plaintiff's Original Petition and its Civil Case Information Sheet, the amount in controversy in this case exceeds the $75,000.00 jurisdictional requirement

13.     Plaintiff's Original Petition also seeks damages for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Plaintiff asks to be awarded actual damages, attorney's fees, court costs, treble damages, penalty interest, exemplary damages, post-judgment interest, and pre-judgment interest. *See* Pl's Original Pet. pgs. 7-13. Based on the limits of the underlying insurance policy, Plaintiff's Civil Case Information Sheet, and the allegations set forth in Plaintiff's Original Petition, the amount in controversy in this case exceeds the $75,000.00 jurisdictional requirement.

### Conclusion and Prayer

14.     All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant State Farm Lloyds hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
Lead Attorney
State Bar No.:  24029862
Scott L. Rogers
State Bar No.:  24064369

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  rthompson@thompsoncoe.com
Email:  slrogers@thompsoncoe.com

**COUNSEL FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

This is to certify that on the 15th day of May, 2015, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Jacey Hornecker
Speights & Worrich
1350 North Loop 1604 E., Ste. 104
San Antonio, TX  78232
*Counsel for Plaintiff*


/s/ Rhonda J. Thompson
Rhonda J. Thompson