Filed: 4/15/2015 4:32:11 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 4905618

CAUSE NO. 429-01485-2015

| | | |
|---|---|---|
| EDWARD ROSS | § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICIAL COURT |
| STATE FARM LLOYDS | § § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Edward Ross, hereinafter referred to as "Plaintiff," complaining of Defendant, State Farm Lloyds, hereinafter referred to as "Defendant," and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Edward Ross, is an individual and resident of Texas.

Defendant, State Farm Lloyds ("State Farm"), is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. It can be served with citation by serving its registered agent, Rendi Black c/o State Farm, by certified mail, return receipt requested, at 17301 Preston Road, Dallas, TX 75252.


EXHIBIT C

## III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Collin County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Collin County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below).

## IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A. Plaintiff is the holder of insurance Policy Number 43BWT0844 issued by the Defendant (hereinafter referred to as the "Policy").

B. Plaintiff owned the insured property, which is specifically located at 707 Meadow Creek Dr., Allen, Collin County, Texas 75002 on April 3, 2014 (hereinafter referred to as the "Property").

C. Defendant or its agent sold the Policy, insuring the Property, to Plaintiff.

D. On or about April 3, 2014, a severe wind and hailstorm struck the Allen, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Defendant against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F. Defendant assigned claim number 43-523R-922 to Plaintiff's claim.



G. Defendant hired and/or assigned an adjuster to adjust the claim.

H. Defendant and/or its agent improperly adjusted the Plaintiff's claim. Without limitation, Defendant's adjuster misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim/loss under Plaintiff's Policy. Through Defendant's adjuster, Defendant made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, and without knowledge of the truth. Defendant made these false representations with the intent that Plaintiff act in accordance with said misrepresentations. Plaintiff relied on the Defendant's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff has been damaged as a result of such reliance.

I. Because Defendant underpaid Plaintiff on Plaintiff's insurance claim, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's Property. This has caused additional, further damage to Plaintiff's property. Defendant also advised Plaintiff as to how Plaintiff could repair Plaintiff's Property so as to prevent further damage to the Property. This advice, however, was false because Plaintiff could not properly repair the Property and prevent future damage by following Defendant's advice, due both to the fact that the advice was false and to Defendant's failure to pay for damages covered under the Policy. Plaintiff's Property has sustained further damages as a result.

J. Defendant misrepresented that the damages caused by the wind and hailstorm were only $3,594.44. However, Defendant's representations were false because Plaintiff's wind and hailstorm damages exceed $21,000.00 and were caused by a covered occurrence.



K. Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

L. These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

M. Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

N. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

O. Defendant misrepresented to Plaintiff that some of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

P. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

Q. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any

explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

R. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

S. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

T. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

U. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes



violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

V. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

W. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

X. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing Plaintiff with respect to these causes of action.

Y. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Specifically, Defendant received a benefit when it refused to pay Plaintiff's entire claim because it retained thousands of dollars that should rightfully have been paid to Plaintiff under the Policy.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, or forms that it reasonably believed at that time would be required from Plaintiff for his claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the

event it is determined that Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

### C. DTPA Cause of Action

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's Property on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA.

Defendant has breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts,

omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### D. Cause of Action for Unfair Insurance Practices

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's Property on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, as described in Plaintiff's factual allegations, Defendant is guilty of the following unfair insurance practices:

- A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;
- B. Engaging in unfair claims settlement practices;
- C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;
- D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;
- E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

    F.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

    G.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.



## VII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Furthermore, Plaintiff's damages do not exceed $75,000. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.



## X. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.



## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendant discloses, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).



## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
JACEY HORNECKER
Texas State Bar No. 24085383
jacey@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**





STATE OF TEXAS )
COUNTY OF COLLIN )

I, Andrea Stroh Thompson, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the ___ day of _____ A.D. 20__.

ANDREA STROH THOMPSON, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY